IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BILLY J. CHRISTOPHER                                                                  PLAINTIFF

vs.                                          Civil No. 4:14-cv-04128

CAROLYN W. COLVIN                                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Billy J. Christopher ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

On March 11, 2009, Plaintiff filed his disability applications.  (Tr. 333-340).  In his applications, Plaintiff alleges being disabled due to testiculitis, degenerative arthritis, and a "lumbar proble." (Tr. 401).  Plaintiff alleges an onset date of February 9, 2009.  (Tr. 100).  Plaintiff's applications were denied initially and again upon reconsideration.  (Tr. 195-196).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his applications. (Tr. 242). This hearing request was granted, and an administrative hearing was held on May 24, 2013.[2] (Tr. 127-149). This hearing was held in Texarkana, Arkansas. *Id.* Plaintiff was present at this hearing and was represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Hildry[3] testified at this hearing. *Id.* On the date of this hearing, Plaintiff testified he was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) (DIB) and 20 C.F.R. § 416.963(d) (2008) (SSI). (Tr. 173). As for his education, Plaintiff testified he had completed high school but had no additional education. (Tr. 173).

Subsequent to this hearing, on December 11, 2013, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 96-119). The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 102, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 9, 2009, his alleged onset date. (Tr. 102, Finding 2). The ALJ determined Plaintiff had the following severe impairments: osteoarthritis of the lumbar spine, bilateral orchitis, obesity, and depression. (Tr. 102-103, Finding 3). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 103-105, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 105-116, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

---

[2] Based upon the transcript, it appears Plaintiff had two administrative hearings prior to this hearing. (Tr. 150-194). These prior hearings, however, are not relevant to the ALJ's current opinion.

[3] Mr. Hildry's first name is not included in the transcript.

the capacity to perform the following:

> I find that the claimant has the physical residual functional capacity to perform light work (lift/carry 20 pounds occasionally and 10 pounds frequently). Claimant can stand/walk for about 2 hours in eight-hour workday, and sit for about six hours in an eight-hour workday. Claimant is not limited in pushing or pulling (including the operation of foot and/or hand controls) with the upper and lower extremities. He has no postural, manipulative, visual, communicative, or environmental limitations. Mentally, claimant retains the ability to learn, understand, remember, and carry out detailed, but not complex instructions and tasks, and in such a work setting and environment: can use judgment in making detailed, but not complex work-related decisions; can respond and relate appropriately with other[s], such as supervisor and co-workers; can maintain attention and concentration for at least two hour intervals; and, can adapt and deal with detailed, but not complex changes in work setting and environments.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 116, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 117-118, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following three occupations: (1) bench assembler (light, unskilled) with 500,000 such jobs in the nation and 1,300 such jobs in the region; (2) laundry folder (light, unskilled) with 165,000 such jobs in the nation and 2,400 such jobs in the region; and (3) parking lot cashier (light, unskilled) with 139,000 such jobs in the nation and 3,400 such jobs in the region. (Tr. 118). Because Plaintiff retained the capacity to perform this other work, the ALJ determined he had not been under a disability, as defined by the Act, from February 9, 2009 through the date of his decision or through December 11, 2013. (Tr. 118, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 93). On September 2, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. 1-4). Thereafter, on September 29, 2014, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 30, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11, 13. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises three[4] arguments for reversal: (A) the ALJ erred in assessing his impairments under Listings 12.04 and 12.06; (B) the ALJ erred in discrediting the

---

[4] Plaintiff actually raises a fourth argument: whether the ALJ erred in assessing Listing 1.02. However, all the issues raised under this argument header are addressed under (B). Thus, the Court will not consider this issue separately.

opinions of his treating physicians; and (C) the ALJ erred by failing to present a proper hypothetical to the VE. ECF No. 11 at 1-21. The Court will address these three arguments for reversal.

### A.      Listings 12.04 and 12.06

Plaintiff argues his impairments meet the requirements of Listings 12.04 and 12.06. ECF No. 11 at 12-15. Listing 12.04 (Affective Disorders) and Listing 12.06 (Anxiety-Related Disorders) each have specific criteria that must be met for Plaintiff to qualify as disabled under one of them. Plaintiff has the burden of demonstrating his impairments meet the requirements of any one of these. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) ("The burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing"). Here, Plaintiff has not demonstrated his impairments meet all the requirements of any one of these Listings.

Notably, both Listing 12.04 and 12.06 have "A" and "B" criteria that must be met for a claimant to qualify as disabled under either Listing 12.04 or 12.06. Plaintiff, however, has offered no proof–and has not even argued—that he meets the requirements of the "A" criteria. He only argues his impairments meet the "B" criteria. ECF No. 11 at 12-15. Plaintiff has the burden of demonstrating his impairments meet all of the requirements of a given Listing. *See Johnson,* 390 F.3d at 1070. Here, because Plaintiff has not demonstrated his impairments meet the requirements of *both* the "A" and "B" criteria, Plaintiff has not met that burden.

Thus, the Court will not engage in speculation as to whether those requirements might be met and will not address this issue further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" a social security appellant's conclusory assertion that the ALJ failed to consider whether he met the Listings where the appellant provided no analysis of the relevant law or facts).

### B. Plaintiff's Treating Physicians

Plaintiff claims the ALJ erred in assessing the opinions of his treating physicians. ECF No. 11 at 15-17. In making this argument, Plaintiff does not provide which opinions the ALJ erred by disregarding. *Id.* However, in his briefing, Plaintiff does reference the opinions of Dr. Lisa Martin, M.D. *Id.* In a four-page "checklist" form, Dr. Martin found Plaintiff would be limited to less than sedentary work. *Id.* Specifically, she found that Plaintiff could stand and walk less than two hours and sit less than two hours in an eight-hour day. *Id.* Dr. Martin also found Plaintiff could never twist, stoop, crouch, kneel, crawl, or climb ladders. *Id.* Plaintiff claims the ALJ was required to adopt Dr. Martin's findings. ECF No. 11 at 15-17.

The Court has reviewed the ALJ's evaluation of Dr. Martin's opinions and the ALJ's evaluation of the opinions of Plaintiff's other treating physicians. (Tr. 112-115). In that analysis, the ALJ provided numerous valid reasons for discounting their findings. For example, in his decision to discount Dr. Martin's findings, the ALJ noted the following: "Dr. Martin's own reports primarily summarize the claimant's subjective complaints, diagnoses, and treatment, but do not present objective clinical or laboratory diagnostic findings that support this functional assessment." (Tr. 113).

In his briefing, Plaintiff notes no specific improper reasons the ALJ provided for discounting the findings of his treating physicians. ECF No. 11 at 15-17. Based upon the Court's review of the ALJ's decision, the ALJ supplied "good reasons" for discounting the findings of Plaintiff's treating physicians, including Dr. Martin. *See* 20 C.F.R. § 416.927(c)(2) (noting the SSA must "always give good reasons in our [SSA's] notice of determination or decision for the weight we [SSA] give your [the claimant's] treating source's opinion"). Thus, because the ALJ supplied "good reasons" for

discounting these findings, the Court finds no basis for reversal on this issue.

### C. Hypothetical to the VE

Plaintiff claims the ALJ erred by supplying a defective hypothetical to the VE which did not contain all of his limitations. ECF No. 11 at 18-20. In this case, however, Plaintiff has not demonstrated that the ALJ's hypothetical was in any way deficient. The ALJ supplied to the VE the limitations he found to be credible. These were the only limitations the ALJ was required to include in his hypothetical to the VE. *See Hulsey v. Astrue,* 622 F.3d 917, 922 (8th Cir. 2010) ("A vocational expert's testimony constitutes substantial evidence when it is based on a hypothetical that accounts for all of the claimant's proven impairments") (internal citation omitted). Accordingly, the Court finds no basis for reversal on this issue.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of June 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE